RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/28/15
            YT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DOUGLAS L. HAYES | CIVIL ACTION NO. 2:13-2392 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| ASBESTOS CORP. LTD, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is are two motions; (1) "Motion for Summary Judgment on behalf of Honeywell International, Inc." (R. #87) and (2) "Ford Motor Company's ("Ford") Motion for Summary Judgment on Product Identification, Exposure, and Causation," (R. #91)wherein the movers seek to be have the claims asserted against them dismissed with prejudice pursuant to Rule 56 of the Rules of Civil Procedure.

## FACTUAL STATEMENT

In his complaint, Mr. Douglas Hayes, now deceased, alleges that he was exposed to asbestos from brake shoes being repaired in the shop at the Bubba Oustalet Ford/Toyota dealership where Mr. Hayes worked as a car salesman. The following facts are not in dispute.

Mr. Hayes worked as a car salesman at the Bubba Oustalet dealership from 1993 until 2013; the dealership sells Ford and Toyota cars and light trucks as well as various used vehicles. The service department works on any make or model of a vehicle. Mr. Hayes performed no work as a mechanic at the dealership, nor did he assist the mechanics. During his employment at the dealership, Mr. Hayes spent most of his time in the car showroom, but did visit the shop once or twice a day for a 10-15 minute visit to check on the status of customers' vehicles.

Mr. Hayes never saw a "Bendix" product in the shop.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the on-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

## LAW AND ANALYSIS

Plaintiffs claim that three of this lawsuit's four defendants—Honeywell, Ford and Toyota—supplied asbestos containing drum brake components to one of Mr. Hayes' employers, the Bubba Oustalet Ford & Toyota dealership. Plaintiffs allege that Mr. Hayes breathed dust from these brake products whenever he was present while the dealership's mechanics used a compressed air hose to "blow out" worn brake dust from within the brake drums.[9] Plaintiffs then claim that Mr. Hayes breathed this dust which contained asbestos and later caused his mesothelioma.

The Louisiana Products Liability Acts is the sole remedy against Ford in this matter. Louisiana Revised Statute 9:2800.54(A) provides as follows:

> The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders that product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.

Under the LPLA, a plaintiff must establish four elements: "(1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.
[9] Ford exhibit A, Expert report of Dr. William Longo, p. 6.

dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else."[10]

Plaintiffs' "obligation to identify the manufacturer of an allegedly defective product is inherent in the LPLA's requirement that plaintiff prove proximate causation."[11] An absence of facts to support a plaintiff's claim that asbestos exposure was a substantial factor is fatal to the plaintiff's claim.[12]

Under the Louisiana Products Liability Act, ("LPLA"), a plaintiff must prove that his damages were proximately caused by the targeted product's manufacturer.[13] Under Louisiana law, a plaintiff must prove more than the mere presence of a defendant's product at the injured party's place of work; that fact does not establish that the product was a substantial factor in causing injury.[14]

As noted by Ford, in order to prevail, plaintiffs must show that (1) Mr. Hayes was present when Oustalet mechanics used compressed air to blow dust out of brake drums; (2) this dust emanated from brakes supplied by Ford (or Bendix); (3) the Ford brakes contained asbestos; and (4) Mr. Hayes breathed this dust which caused the disease.

---

[10] Stahl v. Novartix Pharm. Corp., 283 F.3d 254, 260-61 (5th Cir. 2002)(citing La.R.S. 9:2800.54).
[11] Jefferson v. Lead Indus. Ass'n, Inc., 930 F.Supp. 241, 246 (E.D. La. 1996) aff'd, 106 F.3d 1245 (5th Cir. 1997).
[12] Robertson v. Doug Ashy Building Materials, Inc., 2014 WL 7277688 __ So.3d __ (La.App. 1st Cir.12/23/2014)
[13] La. R.S. 9:2800.54 (A).
[14] Hoerner v. Anco Insulations, Inc., 812 So.2d 45 (La.App. 4 Cir. 1/23/02)(co-worker's testimony that he had used a particular supplier's insulation material, but was unsure whether plaintiff came into contact with it at a particular time and jobsite, insufficient to support claim against supplier.)

Honeywell International Inc. ("Honeywell")[15] and Ford maintain that there is no evidence in this case to prove that Mr. Hayes was in the vicinity of work being performed on a Bendix brake or a Ford-supplied product. In addition to the undisputed facts as set forth above, Honeywell and Ford assert that there is no witness who has testified that Mr. Hayes approached a Ford vehicle which was at that time having "Bendix" brake parts either installed or removed. Honeywell further asserts there is no documentation to establish which vehicles he may have visited in the shop, nor is there proof of the brand of brake part being installed or removed from any vehicle which Mr. Hayes happened to have approached. Hence, these defendants maintain that summary judgment should be granted in their favor because plaintiffs cannot identify their products which allegedly caused Mr. Hayes' illness, and/or the exposure to their activities or the exposure to their products was not "frequent enough" to be considered a "substantial contributing" factor in causing Mr. Hayes' contraction of mesothelioma.

Plaintiff contends that the evidence clearly establishes that while Mr. Hayes was working at the dealership, asbestos containing products manufactured or supplied by Ford, Toyota and Bendix were used, which exposed Mr. Hayes to above background concentrations of asbestos and caused Mr. Hayes to develop mesothelioma. Plaintiffs rely on the following facts which they assert are undisputed:

1. Mr. Hayes worked at the dealership from 1993 to 2013.
2. During the time he worked at the dealership, some Ford and Toyota vehicles had asbestos containing component parts installed as original equipment.
3. Bendix manufactured brake parts on the Ford vehicles, some of which contained asbestos.
4. Ford, Toyota and Bendix original equipment asbestos containing brake products were used at the dealership when brake jobs were performed.

---

[15] Successor in interest to the Bendix Corp.

5. Mr. Hayes testified that he was in the service department while compressed air was used during brake jobs.
6. Mr. Hayes was in the service department at least twice a day, every day, for 10 to 15 minutes.
7. Mr. Hayes was in close proximity to hundreds of brake jobs.

Plaintiff submits the following summary judgment evidence to create a genuine issue of material fact for trial:

a. Deposition testimony of Richard Oustalet, owner of the dealership;[16]
b. Perpetuated deposition testimony of plaintiff, Mr. Hayes;[17]
c. Affidavit of Richard Oustalet;[18]
d. 1990-2000 Vehicles sold to Bubba Oustalet Ford Lincoln;[19]
e. Deposition testimony of Matthew Fyie;[20]
f. Ford Motor Company Brake Assembly and Lining Suppliers;[21]
g. Honeywell's responses to plaintiffs' interrogatories;[22]
h. Deposition testimony of William E. Longo, PhD;[23]
i. Letter dated January 5, 2015 of Dr. Arthur L. Frank's opinion;[24]
j. Expert report by Dr. Murray M. Finkelstein.[25]

Plaintiffs posit that every exposure to asbestos (above background) causes the disease to the exclusion of another exposure, and then argues that because all exposures contribute in mesothelioma cases, the question of whether they are significant is for the jury.[26] Plaintiffs contend that it is not necessary to have to specifically identify a particular product or particular defendant in order to defeat a motion for summary judgment. Plaintiffs rely on Martin v. Am.

---

[16] Plaintiffs' exhibit 2.
[17] Plaintiffs' exhibit 1.
[18] Plaintiffs' exhibit 3.
[19] Plaintiffs' exhibit 4, (produced by Ford Motor Company).
[20] Plaintiffs' exhibit 5.
[21] Plaintiffs' exhibit 6.
[22] Plaintiffs' exhibit 7.
[23] Plaintiffs' exhibit 8.
[24] Plaintiffs' exhibit 9.
[25] Plaintiffs' exhibit 10.
[26] Citing Landry v. Avondale Indus. Inc., 111 So.3d 508 (La.App. 4 Cir. 3/6/13)(a determination regarding the amount of exposure emitted from a product and whether an exposure is a substantial factor in causing disease, is a question for the trier of fact).

Petrofina, Inc.,[27] wherein the Fifth Circuit ruled that there was "sufficient evidence for a finder of fact to conclude that, more probably than not, the plaintiff was exposed to [defendant's asbestos-containing] mastics. In that case, even though plaintiff could not recall if he worked with a particular asbestos-containing product, a witness who did contract work for various companies testified that he used defendant's asbestos-containing mastics more than any other product.[28]

In Grant v. Am. Sugar Refining, Inc.,[29] plaintiff sued the defendant as a seller, installer and remover of asbestos-containing insulation products at the Domino Sugar Refinery. The Fourth Circuit reversed the trial court's granting of defendant's motion for summary judgment concluding that the fact that plaintiff's father worked on a premises that had asbestos containing products, raised genuine issues of material fact.[30]

In Held v. Avondale Industries, Inc.,[31] the plaintiffs' husband and father, Mr. Held, died from an asbestos-related disease; plaintiffs alleged that the exposure to asbestos caused the disease while working on ships as a marine surveyor. Mr. Held spent very little time at the shipyards and could not identify any asbestos-containing products which he was exposed. On summary judgment, the trial court found that plaintiffs failed to show that there was a genuine issue of material fact concerning whether asbestos-containing material at the shipyards was a substantial factor in causing Mr. Held's related disease.[32] The Fourth Circuit reversed the trial

---

[27] 779 F.2d 250 (5th Cir. 1985).
[28] Id.
[29] 952 So.2d 746, 747 (La.App. 4 Cir. 1/31/07).
[30] Id. at 750.
[31] 672 So.2d 1106 (La.App. 4 Cir. 4/3/96).
[32] Id. at 1109.

court's ruling relying on the affidavit of Dr. Victor Roggli, who routinely testifies on behalf of asbestos defendants. Dr. Roggli testified that "any of Mr. Held's exposures, even slight exposures, to asbestos" were a significant contributing cause of his asbestos related disease."[33]

Plaintiffs assert there is no dispute that asbestos containing products supplied by Ford and manufactured by Bendix were used at the dealership in Mr. Hayes' presence. Honeywell and Ford, on the other hand, contend that plaintiffs have failed to identify their brake products as being removed by compressed air and exposing Mr. Hayes to asbestos when he might have been approaching the vehicle. Defendants note that Mr. Hayes was not a mechanic, nor did he assist mechanics with automotive repair at the dealership.[34] Mr. Hayes was a salesman who spent the majority of his time at work in the showroom, only visiting the service department once or twice a day for 10 – 15 minute intervals.[35]

Honeywell relies on Gill v. Ehicon,[36] wherein the trial court granted summary judgment to a manufacturer where plaintiffs could not prove product identification. In Gill, various manufacturers had supplied contaminated medical product to which plaintiff alleged that he might have been exposed. Some product batches did not contain the contaminating agent. The court held that because plaintiffs could not prove that the product was subject to a recall, they could not prove that they were contaminated.[37] Defendants, likewise, argue that because the dealership did not keep data of the brakes that were removed from the cars or trucks and/or recorded when Mr. Hayes approached the vehicles, plaintiffs cannot meet their burden

---

[33] Id.
[34] Ford exhibit B, depo. of Douglas Hayes, p. 51:21-24.
[35] Id.
[36] 2002 U.S. Dist. LEXIS 10763 (E.D.La. 2002).
[37] Id. at 7.

of proof to identify any Bendix or Ford supplied products which contained asbestosis, nor can plaintiffs establish that Mr. Hayes was in close proximity when the brakes were being blown out by an air compressor or an aerosol can, such that he was exposed to asbestos during that time.

Honeywell remarks that plaintiffs state that "some" Ford and Toyota vehicles had asbestos containing component parts as original equipment,[38] which necessarily infers that "some" vehicles did not have asbestos containing equipment. Indeed, Honeywell notes that only a small sub-part of Ford and Toyota vehicles were built with asbestos components at the relevant times.[39] Honeywell further points out that the dealership repaired all makes of vehicles, not just Ford and/or Toyotas;[40] there is also testimony that brake repair jobs were typically very competitive and many customers had their brake jobs done somewhere other than the dealership.[41]

Ford argues that plaintiffs cannot place Mr. Hayes' presence in the service department during a time when work was being performed on a Ford-supplied asbestos containing brake part, and there is an absence in the record that a mechanic blew out asbestos dust from a drum that contained a Ford brake, nor is there evidence that Mr. Hayes was present when this occurred. Thus, the chain of causation is broken and plaintiffs' case fails.

Defendants maintain that plaintiffs have failed to offer facts to show that any Bendix or Ford brake products, asbestos containing or not, were removed at the dealership.

---

[38] Plaintiff's opposition, p. 2, R. #106.
[39] Honeywell exhibit A, Ford's Supplemental Answer to Plaintiffs' Interrogatory No. 26; Exhibit B, Toyota Motor Sales' Supplemental Discovery Response, both of which state that Ford and Toyota started phasing out asbestos containing brakes in the 1970's and 1980's.
[40] Honeywell exhibit D, Richard Oustalet depo. p. 15.
[41] Honeywell exhibit E, Killmer depo. p. 49; Honeywell exhibit D, Oustalet dep. P. 48; Honeywell exhibit F, Hayes dep. P. 23-24.

Furthermore, plaintiffs have not even suggested how they could prove that such parts were removed in Hayes' presence, and/ or whether Mr. Hayes was exposed to asbestos when the parts were being removed. Thus, defendants argue that the sufficiency of "substantial factor causation" evidence is irrelevant until plaintiffs can prove product identification.

Product identification is a threshold element of plaintiff's proof.[42] The court finds that there is no evidence in the record to meet this element of proof. Establishing that Oustalet is a Ford dealership and that the dealership **sold** some vehicles that contained asbestos parts is insufficient to meet the product identification element. The court cannot presume that because the dealership sold vehicles that had brake parts containing asbestos, and Mr. Hayes visited the service department on occasion for brief intervals, does not equate to Mr. Hayes being exposed to asbestos from Bendix or Ford-supplied brake parts. In order to make this giant leap, the court would have to infer that just because the dealership sold a vehicle that had a brake part containing asbestos, that such a vehicle was brought back to the dealership to have the brake part removed and that brake part contained a Bendix or Ford supplied product.[43] We would then have to infer that the brake product that was being removed contained asbestos, and the

---

[42] Thibodeaux v. Asbestos Corp. Ltd., 976 So.2d 859, 863 (La.App. 4 Cir. 2/20/08)("We note at the outset that in asbestos cases there is a need to show that the plaintiff was exposed to the defendant's asbestos product. . . the only evidence . . . is that . . . Eagle was one of several suppliers of asbestos-containing products. . . nor was there any evidence submitted . . . that she was actually exposed to asbestos-containing products from [defendant] while she was at the hospital."; Vodanovich v. A.P. Green Industries, Inc., 869 So.2d 930, 933 (La.App. 4 Cir. 3/3/04)("Because plaintiff has provided no identification of actual work being performed in proximity, there can be no inference that the defendants' activities were a substantial factor in causing plaintiff's injuries. . . . mere possibility, and even unsupported probability, are not sufficient to support a judgment in plaintiff's favor. Accordingly, summary judgment was appropriate. . .");; see also Maldanado v. State Through Dept. of Transp., 618 So.2d 537 (La.App. 4 Cir. 1993) writ denied(La.9/9/93); Fricke v. Owens-Corning Fiberglas Corp., 618 So.2d 473 (La.App. 4 Cir. 1993); Baldwin v. Kikas, 635 So.2d 1324 (La.App. 4 Cir. 4/14/94), writ denied (La. 2/2/94); Harrison v. Gulf South Beverages, Inc., 438 So.2d 261 (La.App. 4 Cir. 1983) writ denied (La.12/9/83); Jefferson v. Lead Ins. Ass'n, Inc., 930 F.Supp. 241, (E.D. La. 1996), aff'd 106 F.3d 1245, 1246 (5th Cir. 1997) (Louisiana does not recognize "market share" or other alternative liability theories.).

[43] The court notes that the record indicates that Bendix was not the only supplier of brake parts for Ford.

mechanic used an outdated procedure, in violation of OSHA regulations and express warnings made by Ford. We would have to further infer that at that exact same time,[44] Mr. Hayes approached the vehicle and remained within three (3) to ten (10) feet of the vehicle during the time the brake part was being blown out. We would have to make all of these inferences because there is no evidence in the record that any of this actually happened. Ultimately, there is no factual support in the record that Mr. Hayes was exposed to asbestos by a Ford or Honeywell product during his employment with the Bubba Oustalet dealership.

## CONCLUSION

The court finds that plaintiffs have failed to create a genuine issue of fact for trial as to product identification and causation, a necessary element to plaintiffs' claim. Accordingly, the court will grant both Honeywell and Ford's motions for summary judgment as to product identification and the claims made against them will be dismissed with prejudice and judgment will be rendered in accordance with the court's ruling made herein.

**THUS DONE AND SIGNED** in ~~Lake Charles~~ *Alexandria*, Louisiana on this 28th day of *May*, 2015

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[44] Mr. Oustalet testified that the dealership performed approximately one (1) brake job per week during Mr. Hayes' employment. Ford exhibit C, Oustalet depo. pp. 31-32.