RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/28/15
JT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DOUGLAS L. HAYES | CIVIL ACTION NO. 2:13-2392 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| ASBESTOS CORP. LTD, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Toyota Motor Sales, U.S.A., Inc.'s Motion for Summary Judgment" (R. #94) wherein the mover seeks to be dismissed with prejudice from the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the motion will be granted dismissing with prejudice, this defendant.

## FACTUAL STATEMENT

In his complaint, Mr. Douglas Hayes, now deceased, alleges that he was exposed to asbestos from brake shoes being repaired in the shop at the Bubba Oustalet Ford/Toyota dealership where Mr. Hayes worked as a car salesman. The following facts are not in dispute.

Mr. Hayes worked as a car salesman at the Bubba Oustalet dealership ("dealership") from 1993 until 2013; the dealership sells Ford and Toyota cars and light trucks as well as various used vehicles. The service department works on any make or model of a vehicle. Mr. Hayes performed no work as a mechanic at the dealership, nor did he assist the mechanics. During his employment at the dealership, Mr. Hayes spent most of his time in the car showroom, but did visit the shop once or twice a day for a 10-15 minute visit to check on the status of customers' vehicles.

1

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

## LAW AND ANALYSIS

Plaintiff must prove the following under the Louisiana Products Liability Act ("LPLA"):

1. The defendant is the manufacturer of the product.
2. The claimant's damage was proximately caused by a characteristic of the product.
3. This characteristic made the product unreasonably dangerous.
4. The claimant's damages arose from a reasonably anticipated use of the product by the claimant or someone else.[9]

Toyota Motor Sales, U.S.A, Inc., ("Toyota") maintains that plaintiffs cannot carry any aspect of their burden because their claims are founded upon a series of assumptions unsupported by evidence or fact, to wit: (1) If Mr. Hayes, a salesman, happened to be in the service department when a Toyota vehicle was being repaired; (2) if that repair was to a brake product; (3) if that brake product was original equipment and not a replacement brake manufactured by a third-party; (4) if that brake contained asbestos; (5) if during that repair the mechanic used compressed air to blow out brake residue; and (6) if Mr. Hayes happened to be in close proximity to that airborne residue; then Mr. Hayes may have been exposed to asbestos from a Toyota product distributed by Toyota.

Toyota submits that plaintiffs have no evidence to support any of these assumptions. Plaintiffs argue that Toyota cannot prove that all the vehicles it supplied to the dealership were asbestos free. Toyota remarks that plaintiffs' assertion that Toyota has the burden to prove

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.
[9] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 260-61 (5th Cir. 2002) (citing La.R.S. 9:2800.54).

3

that Mr. Hayes could not have been exposed to asbestos from a Toyota product is incorrect. We agree. Toyota need only show an absence of evidence for an essential element of plaintiff's claims to be entitled to summary judgment.[10]

Plaintiffs rely on the following facts which they contend are not in dispute:

1. Mr. Hayes worked at the Bubba Oustalet car and truck dealership in Jennings, Louisiana form 1993 to 2013;
2. During the time he worked at the dealership, some Ford and Toyota vehicles had asbestos containing parts installed as original equipment;
3. Toyota original equipment asbestos containing brake products were used at the dealership when brake jobs were performed;
4. Mr. Hayes testified to being in the service department while compressed air was used during brake jobs;
5. Mr. Hayes went into the service department at least twice a day, every day for about 10 to 15 minutes at a time.
6. Mr. Hayes was in close proximity to hundreds of brake jobs.

Plaintiffs rely on the deposition testimony of the dealership's owner, Richard Oustalet, that the Ford and Toyotas that received brake jobs were original equipment brakes.[11] Plaintiffs further rely on Mr. Hayes' testimony that he had been around hundreds of brake jobs.[12] Plaintiffs state that Mr. Hayes testified that he was around the brake jobs where the "mechanics used compressed air to blow out the brakes." This is not Mr. Hayes' testimony; he testified that he was around hundreds of brake jobs, and then later he testified that the mechanics used compressed air to clean up everything. He did not testify that the mechanics used the compressed air when performing brake removal, nor did he testify that he was in the shop and near an area where a mechanic was using compressed air during a brake removal of

---

[10] Fed.R. Civ. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] Plaintiff's exhibit 2, Richard Oustalet depo. p. 29.
[12] Plaintiff's exhibit 1, Hayes depo. p. 23.

an original brake part that contained asbestos. In fact, Mr. Hayes testified that he could not tell one way or another whether or not the brake parts were asbestos or non-asbestos,[13] when a brake job was being performed, nor could he identify any particular make or model of vehicle that might have been having a brake job performed[14] when he was in the shop and in close proximity.

Toyota maintains that plaintiffs fail to meet the product identification and causation elements of their claim because they cannot place Mr. Hayes in contact with a Toyota brake product.

Under Louisiana law, a plaintiff in a products liability claim must identify the product's manufacturer.[15] "Plaintiff's obligation to identify the manufacturer of the allegedly defective product is inherent in the LPLA's requirement that plaintiff prove proximate causation."[16] "To prevail in an asbestos case a plaintiff must show, by a preponderance of the evidence, he was exposed to asbestos and he received an injury substantially caused by that exposure."[17] Furthermore, Louisiana law requires that plaintiffs prove more than the mere presence of a defendant's product at the injured party's place of work; that fact does not establish that the product was a substantial factor in causing injury.[18]

---

[13] Toyota exhibit B, pp. 78-79.
[14] Id., p. 102.
[15] Maldanado v. State Through Department of Transportation, 618 So.2d 537, 538-39 (La.App. 4th Cir. 1993), writ denied, 623 So.2d 1309 (La.1993).
[16] Jefferson v. Lead Indus. Ass'n, Inc., 930 F. Supp. 241, 246 (E.D. La.1996) aff'd, 106 F.3d 106 F.3d (5th Cir. 1997).
[17] Rando v. Anco Insulations, Inc., 16 So.3d 1065, 1088 (La. 5/22/09).
[18] Hoerner v. Anco Insulations, Inc., 812 So.2d 45, 54-55 (La.App. 4 Cir. 1/23/02)(co-worker's testimony that he had used a particular supplier's insulation material, but was unsure whether plaintiff came into contact with it at a particular time and jobsite, was insufficient to support claim against supplier).

Plaintiffs rely on responses to discovery that 867 Toyota vehicles were sold at the dealership from 1989 through 1993. Of that number, 752 of the vehicles had asbestos containing original equipment. There is also deposition testimony that the phase out of asbestos containing original equipment in Toyota vehicles was not until after production year 1993, and replacement parts were phased out in the late 1990s.[19]

Plaintiffs then make the assumption that if Toyota owners keep their vehicles as long as Ford owners (7 years), then the brakes on at least 752 Toyota vehicles sold and serviced at the dealership contained asbestos. Plaintiffs then argue that Toyota cannot show that all the vehicles it supplied to the dealership were asbestos free.

Plaintiffs rely on their experts' testimony, Dr. Longo, Murray Finkelstein and Arthur Frank. Dr. Longo, about the levels of exposure Mr. Hayes would have sustained if the mechanics used compressed air, or if the mechanics used aerosolized liquid brake cleaners which in both cases, the experts opine, was significant. Thus, plaintiffs argue that this is sufficient evidence of Mr. Hayes' exposure to asbestos containing Toyota brake products.

Plaintiffs further rely on the opinions of Drs. Arthur Frank and Murray Finkelstein who both opined that the cause of Mr. Hayes' development of mesothelioma was his exposure to asbestos. However, what is fatally deficient is the lack of evidence which identifies any of Toyota's products to Mr. Hayes' exposure to asbestos. As noted by these experts, Mr. Hayes' illness was caused from a cumulative exposure to asbestos, **from any and all products**,

---

[19] Plaintiffs' exhibit 6, Toyota supplemental answer to interrogatories; Plaintiffs' exhibit 7, Toyota 30(b)(6) depo. p. 71.

<006>

containing any and all fiber types which could have been from both occupational and domestic exposures.[20]

As noted by Toyota, plaintiffs' claims against Toyota are based on assumptions that some unidentified vehicle distributed by Toyota had asbestos-containing brake parts being repaired or replaced by an Oustalet mechanic at the very moment Mr. Hayes walked into the service department, and stood long enough and in close enough proximity to, while that mechanic used a blow out procedure that had been eliminated years prior. The majority of plaintiffs' case is based on speculation and assumption, not on evidence that is in the record.

Toyota also maintains that any brake drum blowouts were contrary to Bubba Oustalet's company policy and not a reasonably anticipated use. Toyota adopts the arguments of Ford Motor Company and Honeywell International regarding the reasonably anticipated use requirement of the LPLA. Plaintiffs rely on Dr. Longo's report in which he states that "Mr. Hayes did not specifically state that the mechanics used the compressed air to blow-out the brake drum dust, but this was a very common work practice typically used by brake mechanics."[21] Toyota argues that Dr. Longo's statement with regard to mechanics using compressed air to blow-out brake drum dust as a common practice, is inadmissible, and thus insufficient to create a dispute of material fact for trial. We agree. Dr. Longo is an expert in material science and engineering, not in automotive engineering, dealership operations, or as an industrial hygienist. Therefore his statement will not be considered in this motion.

---

[20] Plaintiffs' exhibit 10, Dr. Arthur Frank expert report; plaintiffs' exhibit 11, Dr. Murray Finkelstein expert report.
[21] Ford's exhibit A, attached to Motion for Summary judgment, Dr. Longo expert report (R. #105-5).

The court holds that plaintiffs have failed to identify a Toyota product that contained asbestos that caused and/or was a substantial factor in causing Mr. Hayes' illness. The court further holds that the warnings and instructions from OSHA and Ford Motor Company as well as Mr. Oustalet's testimony that he relied on his service technicians to read and follow said instructions and warnings, is sufficient for this court to conclude that any use of the blow out brake drum procedure was not a reasonably anticipated use of Toyota's product.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice, plaintiffs' claims against Toyota Motor Sales, Inc. and judgment will be rendered in accordance with the court's rulings made herein.

**THUS DONE AND SIGNED** in ~~Lake Charles~~ Alexandria, Louisiana on this 28th day of _____, 2015

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE